# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

RUBEN R. WARD,

     **Plaintiff,**

     **v.**                               **Case No. 06-C-133**

BELINDA SCHRUBBE and
LISA CERVANTES,

     **Defendants.**

## ORDER

The plaintiff, Ruben R. Ward, a state prisoner who is proceeding <u>pro</u> <u>se</u>, lodged a complaint in this court under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

Under the Prison Litigation Reform Act of 1996 (PLRA), a prisoner may not bring a civil action or appeal a civil judgment <u>in</u> <u>forma</u> <u>pauperis</u>,

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prison has acquired three "strikes" under §1915(g), courts must consider prisoner actions dismissed on any of the three enumerated grounds both before and after enactment of the PLRA. <u>Evans v. Ill. Dep't of Corrs.</u>, 150 F.3d 810, 811 (7th Cir. 1998).

The plaintiff has accumulated three "strikes": 1) Ward v. Taylor, Case No. 92-C-134, dismissed for failure to state a claim on February 26, 1992; 2) Ward v. Sullivan, Case No. 97-C-798, dismissed for failure to state a claim on July 30, 1997; and 3) Ward v. Ingram, Case No. 01-C-727, dismissed as frivolous on November 21, 2001. In addition, in Ward v. Kaplan, Case No. 03-C-780, the court denied the plaintiff's motion for leave to proceed in forma pauperis on October 23, 2003, because the plaintiff had "struck out" under 28 U.S.C. § 1915(g).

However, in his present complaint the plaintiff alleges that he is under imminent danger of serious physical injury. (Compl. ¶ IV.I.) If he does in fact fall under that exception to the three-strikes rule, the plaintiff will be allowed to proceed in forma pauperis despite already having three strikes. See 28 U.S.C. § 1915(g).

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002) and Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Courts deny leave to proceed in forma pauperis under § 1915(g) when a prisoner alleges only a past injury that has not recurred. See Ciarpaglini, 352 F.3d at 330 (citations omitted). In addition, courts deny leave to proceed in forma pauperis when a prisoner's claims of imminent danger are "conclusory or ridiculous." Id. (citing Heimermann v. Litscher, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger); Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when

2

prisoner was seen over 100 times by physician is not imminent danger)). However, § 1915(g) is not used to determine the merits of a claim because "[t]his would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim ." Ciarpaglini, 352 F.3d at 331.

The plaintiff alleges that he is in imminent danger of serious physical injury because defendant RN Schrubbe has refused to treat him for chronic prostatitis and hepatitis C. (Compl. ¶IV.I.) Previously, in Ward v. Kaplan, Case No. 03-C-780 (E.D. Wis.), the plaintiff alleged that he had hepatitis C and wanted an independent examination. In that case, United States District Judge J.P. Stadtmueller denied the plaintiff's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). Similarly, in the instant case, filed more than two years after Case No. 03-C-780, the plaintiff is still unhappy with the medical treatment he is receiving as it relates to hepatitis C and/or prostatitis. These allegations do not qualify as imminent danger of serious physical injury under §1915(g).

Because the plaintiff has previously filed three actions which were dismissed as frivolous or for failure to state a claim, his request to proceed in forma pauperis will be denied. To proceed any further, the plaintiff must pay the $241.50 balance of the filing fee on before May 26, 2006.

The court notes that even if the plaintiff timely pays the full filing fee, his complaint would be subject to screening under 28 U.S.C. § 1915A. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

3

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The complaint alleges that the defendants acted with deliberate indifference for failing to treat the plaintiff's hepatitis C and prostatitis. To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); see also Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Zentmyer v. Kendall County, Ill., 220 F.3d 805, 810 (7th Cir. 2000).

Here, the complaint makes clear that the plaintiff is receiving medical treatment for his medical needs. He has had telemedicine sessions, in-prison medical visits, and out-of-prison medical visits. The plaintiff had surgery on his prostate on September 1, 2005. Apparently, the plaintiff is not happy with the treatment he is receiving. However, disagreement with medical professionals about treatment needs does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of Estelle v. Gamble, 429 U.S. 97 (1976). Ciarpaglini, 352 F.3d at 331.

The plaintiff is advised that based on the applicable law, even if he timely pays the remainder of the filing fee, the court would dismiss the complaint for failure to state a claim. Such a dismissal would earn the plaintiff a fourth "strike".

The plaintiff is now aware that 28 U.S.C. § 1915(g) applies to him. Therefore, if he files another complaint and petition for leave to proceed in forma pauperis, he may be subject to an order under Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995). An order under Mack requires the clerk of the court to return civil complaints and related pleadings unfiled, without even presenting them to judges, until the plaintiff's debt to the judicial system has been paid. Id. at 186.

4

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed in forma pauperis be and hereby is **DENIED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that this action will be dismissed unless the plaintiff submits $241.50 as the balance of the filing fee in this action to the clerk of court on or before **May 26, 2006**.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin this 8th day of May, 2006.

BY THE COURT:


s/AARON E. GOODSTEIN
U.S. MAGISTRATE JUDGE

5